The Honorable Fletcher Long, Jr. Prosecuting Attorney First Judicial District Post Office Box 989 Forrest City, Arkansas 72335
Dear Mr. Long:
This is in response to your request, submitted by Deputy Prosecuting Attorney T. David Carruth, for an opinion on a question I have restated as follows:
 May a city[1] that has imposed a tax of one percent (1%) on gross proceeds or gross receipts derived from sales within the city authorized by A.C.A. §§ 26-75-501 to -508 (1987 and Supp. 1995) ("subchapter 5") also impose (i) a local sales and use tax under the authority of A.C.A. §§ 26-75-201 to -223 (1987 and Supp. 1995) ("subchapter 2"), and (ii) a local sales or gross receipts and use tax under the authority of A.C.A. §§ 26-75-301 to -318 (1987 and Supp. 1995) ("subchapter 3")?
In Op. Att'y Gen. 94-058 (copy attached), I concluded that a city which had already imposed a tax under subchapter 2 could levy an additional tax under subchapter 3. This conclusion was based upon a statute which provides in relevant part:
 [T]he General Assembly hereby finds and determines that [subchapter 2 and subchapter 3] each provide for the levy of up to a one percent (1%) sales and use tax and the use thereof for any purpose for which the general funds of the municipality . . . may be used unless restricted on the ballot to a specified purpose.
A.C.A. § 14-164-338(d) (Supp. 1995) (emphasis added).
Although we still do not have the benefit of an appellate decision on this issue, it remains my opinion that a municipality may impose both a tax authorized by subchapter 2 and a tax authorized by subchapter 3.
The question becomes, then, whether a different conclusion is compelled by the fact that the city in question enacted a tax authorized by subchapter 5 prior to the date(s) upon which it proposes to levy the taxes authorized by subchapter 2 and subchapter 3. Your request suggests no reason why a different conclusion might be required, and nothing in the Arkansas Code expressly provides that a city may not impose taxes under all three subchapters.
In my opinion, a city that has imposed a subchapter 5 tax is free to levy additional taxes under and in compliance with subchapters 2 and 3. Both subchapter 2 and subchapter 3 expressly provide that nothing therein shall be construed "to abolish or limit existing powers of taxation of the city." A.C.A. §§ 26-75-220, 26-75-315. As subchapter 5 was in effect at the times of enactment of subchapters 2 and 3, it is clear that subchapter 5 was an "existing power of taxation" at such times and must be deemed to be included within the statutory language quoted.
Subchapters 5 and 3 were enacted in 1968 and 1975, respectively. See Act 4 of 1968 (Ex. Sess.); Act 990 of 1975. Subchapter 2 was enacted by Act 25 of 1981 (Ex. Sess.). Section 12 of Act 25, codified at A.C.A. §§26-75-221 and 26-75-317, provides in relevant part:
 All city taxes adopted pursuant to [subchapter 3 or subchapter 5] which are in effect on December 1, 1981, shall remain in full force and effect and are not repealed by the provisions of [subchapter 2]. . . .
It might be argued that the General Assembly's reference only to those subchapter 3 and subchapter 5 taxes that had been imposed before the effective date of Act 25 is evidence of a legislative intent that subchapter 3, subchapter 5, or both would be superseded or repealed by implication by Act 25, except with respect to preexisting taxes, or that a city must proceed under only one subchapter. In my opinion, such an argument, relying upon implication as it does, would not prevail in view of the express language of A.C.A. §§ 26-75-220 and 26-75-315 quoted above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] Your request uses the word "municipality." Because incorporated towns have no authority to levy a tax under A.C.A. § 26-75-502, I address herein the authority of cities only.